## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**JOANNE NEWMAN and SAUNDRA RYAN**
**On Behalf of Themselves**
**and All Others Similarly Situated,**

|  |  |
|---|---|
| **Plaintiff,** | **Hon.** |
|  | **Case No.** |
| v. | **PROPOSED CLASS ACTION** |

**ENCORE CAPITAL GROUP, INC.,**
**ASSET ACCEPTANCE CAPITAL CORP aka**
**ASSET ACCEPTANCE, MIDLAND**
**FUNDING, LLC., KARLI ANNE PETERSON and**
**JANE and JOHN DOE NOTARIES (1-10).**

       **Defendant.**

---

LAW OFFICES OF BRIAN P. PARKER, PC
Brian P. Parker (P48617)
Attorney Co-Counsel for Plaintiff
2000 Town Center, #1900
Southfield MI 48075
Tel: (248) 642-6268
Fax: (248) 659-1733
brianparker@collectionstopper.com
www.collectionstopper.com

LAW OFFICES OF NICHOLAS A. REYNA, P.C.
NICHOLAS A. REYNA (P68328)
Co-Attorney for Defendant/Counter-Plaintiff
528 Bridge St., Ste. 1A
Grand Rapids, MI 49504
(616) 235-4444
Nickreyna7@hotmail.com

_____/

## **COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiffs, **JOANNE NEWMAN and SANDRA RYAN** ("Newman

and/or Ryan" "Plaintiff" or "Plaintiffs") by and through counsel, The Law Offices of Brian

Parker, PC, The Law Offices of Nicholas A. Reyna bring this action against the above listed Defendants, **ENCORE CAPITAL GROUP, INC., ("Encore" or "Defendants") ASSET ACCEPTANCE CAPITAL CORP. aka ASSET ACCEPTANCE ("Asset" or "Defendants") and MIDLAND FUNDING, LLC ("Midland" or "Defendants")** on the grounds set forth herein:

## I.   PRELIMINARY STATEMENT OUTLINING DEFENDANTS' "AFFIDAVIT ROBO SIGNING" COLLECTION PLAN AND SCHEME

1.

Plaintiff brings this action for damages and injunctive relief based upon the Defendants' violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* and The Regulation of Collection Practices Act (RCPA), codified at MCL 445.251 et seq.

2.

In a State-wide scheme to deceive Michigan residents into paying a debt and Michigan Courts into granting Default Judgments, members of the class are being sued by Defendants in Michigan State Courts with collection lawsuits supported by Affidavits that have been signed by "robo signed" notaries in violation of § 1692e, § 1692e (10), § 1692e (2)(A), § 1692e (5) and § 1692f.

## II. PARTIES

3.

Defendant Encore Capital Group is a foreign corporation and publicly traded company that purchases and collects large portfolios of defaulted consumer receivables under 15 U.S.C. 1692a (6) and 15 U.S.C. 1692a(6)(f)(iii) and collects the debts through its subsidiaries such as

Defendant Midland Funding, LLC and Asset Acceptance LLC. **Please see Exhibit 1**.

4.

Defendant Midland Funding, LLC is a subsidiary of Encore and a debt collector of defaulted debts under 15 U.S.C. 1692a (6) and 15 U.S.C. 1692a(6)(f)(iii) that files lawsuits to collect debts through outside lawyers or a collection agency such as Defendant Asset Acceptance, LLC in the 83 counties throughout the State of Michigan." **Please see Exhibit 1**.

5.

Defendant Encore purchased Defendant Asset Acceptance on or about June 13, 2013. Combined, Encore and Asset Acceptance have purchased over 60 million individual consumer accounts, including credit card, telecommunications, consumer loans and other related assets, with a face value of over $130 billion. Defendant Asset Acceptance is a debt collector. **Please see Exhibit 2**. Midland Funding, LLC files collection lawsuits against Michigan residents using attorneys from Asset Acceptance, LLC.

6.

Defendant Karli Anne Peterson is an Officer, Legal Specialist and employee of Defendants and considered a debt collector under the FDCPA and RCPA. There is no corporate immunity under the FDCPA for officers of a debt collection agency or law firm who are actively engaged in debt collection. *Kistner v. Law Offices of Michael P. Margelefsky, L.L.C.*, 518 F.3d 433 (6th Cir. 2008).

7.

Defendant Notaries Jane and John Does are Officers, Legal Specialists and/or employees of Defendants who gave Defendants permission or the use of their names to sign Affidavits attached to collection lawsuits in Michigan and are considered debt collectors under the FDCPA and RCPA. There is no corporate immunity under the FDCPA for officers of a debt collection

agency or law firm who are actively engaged in debt collection. *Kistner v. Law Offices of Michael P. Margelefsky, L.L.C.*, 518 F.3d 433 (6th Cir. 2008). The identities of the Jane Does can't be identified at this time but will be as discovery is initiated.

8.

Plaintiff Joanne Newman is a resident of Troy, Oakland County, State of Michigan and considered a consumer under the FDCPA and RCPA

9.

Plaintiff Saundra Ryan is a resident of Clawson, Oakland County, State of Michigan and considered a consumer under the FDCPA and RCPA

## III. JURISDICTION AND VENUE

10.

This court has jurisdiction over this Complaint pursuant to the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

## IV. STATUTORY STRUCTURE

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

12.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. § 1692.

13.

Plaintiffs are consumers. Under the FDCPA, a "consumer" is any natural person

obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a (3).

14.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a (5).

15.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a (6). Defendants are debt collectors collecting on debt that is in default when received or purchased.

16.

The Defendants regularly attempt to collect consumer debts alleged to be due another and are debt collectors as provided in 15 U.S.C. 1692a (6) and 15 U.S.C. 1692a(6)(f)(iii) as the bank and credit card debts Defendants purchase are in default when obtained by them. *Bridge v. Ocwen Federal Bank, FSB*, 681 F. 3d 355 - Court of Appeals, 6th Circuit 2012.

17.

The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation.  Whether a debt collector's actions are false, deceptive, or misleading under § 1692(a)-g is based on whether the "least sophisticated consumer" would be misled by a defendant's actions. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006).). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir).

18.

Whether a debt collector's actions are false, deceptive, or misleading under §1692e is based on whether the "least sophisticated consumer" would be misled by defendant's actions. *Wallace v. Washington Mutual Bank*, 683 F.3d. 323, 327 (6th Cir. 2012), *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir.2006).

19.

Section 1692e provides: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e (1) -(16). Among the *per se* violations prohibited by that section are using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e (10).

## **REGULATION OF MICHIGAN COLLECTION PRACTICES ACT (RCPA)**

20.

The Michigan Consumer Protection Act (RCPA), MCL 445.251 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

21.

"Claim" or "debt" means an obligation or alleged obligation for the payment of money or thing of value arising out of an expressed or implied agreement or contract for a purchase made primarily for personal, family, or household purposes.

22.

"Collection agency" means a person directly or indirectly engaged in soliciting a claim

for collection or collecting or attempting to collect a claim owed or due or asserted to be owed

or due another, or repossessing or attempting to repossess a thing of value owed or due or

asserted to be owed or due another person, arising out of an expressed or implied agreement.

Collection agency includes a person representing himself or herself as a collection or

repossession agency or a person performing the activities of a collection agency, on behalf of

another, which activities are regulated by Act No. 299 of the Public Acts of 1980, as amended,

being sections 339.101 to 339.2601 of the Michigan Compiled Laws. Collection agency

includes a person who furnishes or attempts to furnish a form or a written demand service

represented to be a collection or repossession technique, device, or system to be used to collect

or repossess claims, if the form contains the name of a person other than the creditor in a

manner indicating that a request or demand for payment is being made by a person other than

the creditor even though the form directs the debtor to make payment directly to the creditor

rather than to the other person whose name appears on the form. Collection agency includes a

person who uses a fictitious name or the name of another in the collection or repossession of

claims to convey to the debtor that a third person is collecting or repossessing or has been

employed to collect or repossess the claim.

23.

Defendants are regulated agencies under the RCPA. See *Misleh* v *Timothy E. Baxter &*

*Associates*, 786 F Supp. 2d 1330(E.D. Mich 2011; *Newman v. Trott & Trott, PC*, 889 F. Supp.

2d 948 - Dist. Court, ED Michigan 2012; *Baker v. Residential Funding Co.,* LLC, 886 F. Supp.

2d 591 - Dist. Court, ED Michigan 2012.

24.

"Communicate" means the conveying of information regarding a debt directly or indirectly to a person through any medium.

25.

"Consumer" or "debtor" means a natural person obligated or allegedly obligated to pay a debt.

26.

"Creditor" or "principal" means a person who offers or extends credit creating a debt or a person to whom a debt is owed or due or asserted to be owed or due. Creditor or principal does not include a person who receives an assignment or transfer or a debt solely for the purpose of facilitating collection of the debt for the assignor or transferor. In those instances, the assignor or transferor of the debt shall continue to be considered the creditor or the principal for purposes of this act.

27.

"Person" means an individual, sole proprietorship, partnership, association, or corporation. Defendants are regulated persons under § 445.251(g)(xi),

28.

The RCPA mirrors the requirements and remedies of the FDCPA with the same 6th Circuit use of the "least sophisticated consumer" standard. *McKeown v. Mary Jane M. Elliott P.C.*, No. 07–12016–BC, 2007 WL 4326825, at *5 (E.D.Mich. Dec. 10, 2007) (citing *Hubbard v. Nat'l Bond and Collection Assocs., Inc.*, 126 B.R. 422, 426 (D.Del.1991)) held that "§ 445.252(e) applies to Defendant, its analysis is similar to that under § 1692e of the FDCPA, both of which bar misleading and deceptive communications… In light of the similarity between 15 U.S.C. § 1692e 15 U.S.C. § 1692g and these causes of action, it appears appropriate to view Plaintiff's claims under the same "least sophisticated consumer" standard.

## V. MINNESOTA NOTARY STATUTE REQUIREMENTS

29.

The State of Minnesota requires the recording and use of a signature by the notary that matches the first, middle and last name listed on the notary's commission and shown on the notarial stamp. Further, the State of Minnesota requires that there be a sample signature in the style in which the notary will actually execute notarial acts recorded with the local registrar of the notary's county of residence…:

**359.061 RECORD OF COMMISSION.**
**Subdivision 1. Resident notaries.**

The commission of every notary commissioned under section 359.01, together with: (1) **a signature that matches the first, middle, and last name as listed on the notary's commission and shown on the notarial stamp, and (2) a sample signature in the style in which the notary will actually execute notarial acts, shall be recorded in the office of the local registrar of the notary's county of residence or in the county department** to which duties relating to notaries public have been assigned under section 485.27, in a record kept for that purpose.

30.

Upon becoming a notary, the officer receives a Notary Commission Guide from the Office of the Minnesota Secretary of State. The Guide provides a check list for new notaries to follow in performing their duties and in regards to the notary signatures it states:

**NOTARY CHECKLIST:**

Follow these next steps to prepare you for your duties:

• Register your commission with the county in which
you reside. If you are not a Minnesota resident,
you may register in any Minnesota county. The fee
to register a commission with a county is $20. Visit
www.sos.state.mn.us for county office locations.

**• Submit two sample signatures to the county**
**when registering your commission: one that**
**includes your full name as listed on the commission**

and one that is your normal signature, which you
should use to sign all notarial acts.

**Please see the Notary Commission Guide at Exhibit 3**.

31.

When notarizing a document, the Guide instructs the notary on how to sign:

**Be sure to use your normal signature when signing.**
**Please note, if your name is typed or printed as part of**
**the certificate, it must be in the same form as it**
**appears on your stamp and your notary commission.**

**Please see the Notary Commission Guide at Exhibit 3**.

32.

Here at **Exhibit 4** are the two signatures Ms. Peterson provided the State of Minnesota on

January 23, 2015:

Signed this date, January 22, 2016, in the county of Stearns, state of Minnesota.

Randy R. Schreifels, Local Registrar by: Laura Laudenbach, Deputy.

Deputy Signature: _Laura Laudenbach_

SIGNATURE OF NOTARY PUBLIC
(First, Middle, Last)

STATE OF MINNESOTA
COUNTY OF STEARNS
The Local Registrar in and for said County
and State does herby certify that this is
true and correct copy of the original or
and of record in this office.
Date: 1/22/2016
Randy R Schreifels, Local Registrar
By:

SIGNATURE OF NOTARY PUBLIC
(Sample signature in the style in which the
notary will actually execute notarial acts.)

RECEIVED AND FILED THIS THE
22 DAY OF JAN 20 15
RANDY R SCHREIFELS, LOCAL REGISTRAR
BY: _____ DEPUTY
STEARNS COUNTY, MINNESOTA

33.

Here at **Exhibit 4** are the two signatures Ms. Peterson provided the State of Minnesota

two months later on March 11, 2015 :

_____

**SIGNATURE OF NOTARY PUBLIC**
**(First, Middle, Last)**

_____

**SIGNATURE OF NOTARY PUBLIC**
**(Sample signature in the style in which the**
**notary will actually execute notarial acts.)**

**RECEIVED AND FILED THIS THE**

_____ **DAY OF** _March_ 20 _15_

**RANDY R SCHREIFELS, LOCAL REGISTRAR**

**BY:** _Bennett_ **DEPUTY**

**STEARNS COUNTY, MINNESOTA**

## VI. FACTUAL ALLEGATIONS

### 35.

Defendant Encore and subsidiaries like Midland Credit Management purchase debt

portfolios consisting of old and defaulted debt.    Midland Funding LLC receives the portfolio

and works up the legal paperwork to send to law firms around the US. It is here where the "Asset

Acceptance" Affidavits are manufactured to prove ownership of the debt and liability of the

Michigan resident. The paperwork from Midland is then passed on to the law firms in the State

to file boiler plate collection lawsuits against Michigan residents.

### 36.

In suing Michigan residents, Encore and its subsidiaries employ three Michigan law firms

to file the majority of the collection lawsuits: Weltman, Weinberg & Reis, LPA, Stillman Law

Offices and the law firm inside Asset Acceptance, LLC. Asset Acceptance is the only one owned

by Encore and Midland.

37.

The "Asset Acceptance" pleadings are based on a computer generated template with few changes in each pleading other than the name of the debtor, amount of the debt and location of the court.

38.

The names of the Asset attorneys used in this collection process are Elizabeth Smith, Andrew Perry, Stephanie Pettway and Omar Najor. Their names are printed at the bottom of the template lawsuit and a box is checked off next to name of the attorney signing it. The lawsuits are signed in Warren, Michigan where Asset is located. **Please see Exhibit 5**.

39.

One of the differences in how the three main firms prosecute these lawsuits is that the "Asset Acceptance" lawsuits are generally the only ones supported by a computer generated Affidavit signed and notarized by a Midland "Officer" in the State of Minnesota. The Affidavits are dated and signed *before a lawsuit against the Michigan Resident has been filed with a court*. The Affidavit will have a State of Michigan Caption with names of a Plaintiff and Defendant. **Please see the Affidavits attached to the lawsuits against Ryan and Newman at Exhibit 5**.

40.

The pleadings in the "Asset" Lawsuit will refer to the supporting Affidavit by stating:

7. The Defendant has defaulted in payments on the above mentioned account, said account being shown in the attached Affidavit and Statement of Account.

8. Midland Funding LLC purchased the account shown in the attached Affidavit and Statement of Account and was assigned all rights to the account in the normal course of business.

**Please see Exhibit 5**.

41.

The "Asset" Affidavit is also a computer generated template that is created in

either Minnesota or the State of California.   In the majority of the lawsuits, the

supporting "Asset Affidavit" is two pages long with the last page containing the signature

of the Affiant and Notary. The signature format is always the same and looks like this:

DEC 1 8 2015
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Date

STATE OF MINNESOTA

COUNTY OF STEARNS

Donna DuBois

The foregoing instrument was acknowledged before me on DEC 1 8 2015 ‾‾‾‾‾‾‾‾‾‾ by Donna DuBois, an officer of plaintiff, and hereby notarized pursuant to the laws of the State of Minnesota on behalf of the corporation.


KARLI ANNE PETERSON
Notary Public - Minnesota
My Commission Expires Jan. 31, 2020

Notary Public

CA137
Internal Legal ILMS

**Please see Exhibit 5 Affidavits of the Lawsuit Against Ryan.**

## 42.

Each Affidavit has a mark on the bottom of the second page designating either the

location the Affidavit is being sent or where it came from. In Michigan, that designation is CA

137 Internal Legal ILMS. Ohio Affidavits have a designation of OH14, South Carolina Affidavits

are designated SC179.

## 43.

The class allegations here are that throughout the State of Michigan and in violation of

Federal and State law, Encore, Midland and Asset are filing lawsuits supported by template

Affidavits with "robo signed" signatures purported to be that of notary, Karli Anne Peterson.

44.

On January 23, 2015 and prior to working for Midland and Encore, Ms. Peterson presented her signature in an Application with the State of Minnesota as to how she would sign as a Notary Public:

Signed this date, **January 22, 2016**, in the county of Stearns, state of Minnesota.

Randy R. Schreifels, Local Registrar by: Laura Laudenbach, Deputy.

Deputy Signature: _Laura Laudenbach_

SIGNATURE OF NOTARY PUBLIC
(First, Middle, Last)

SIGNATURE OF NOTARY PUBLIC
(Sample signature in the style in which the
notary will actually execute notarial acts.)

STATE OF MINNESOTA
COUNTY OF STEARNS
The Local Registrar in and for said County
and State does herby certify that this is
true and correct copy of the original on
and of record in this office.
Date: 1/22/2016
Randy R. Schreifels, Local Registrar
By:

RECEIVED AND FILED THIS THE
__ DAY OF ____ 20 15
RANDY R SCHREIFELS, LOCAL REGISTRAR
BY: _____ DEPUTY
STEARNS COUNTY, MINNESOTA

**Please see Exhibit 4**.

45.

On March 15, 2015, Ms. Peterson presented her signature again to the State of Minnesota in updating how she would sign as a Notary Public:

_(signature)_
_____
**SIGNATURE OF NOTARY PUBLIC**
(First, Middle, Last)

_(signature)_
_____
**SIGNATURE OF NOTARY PUBLIC**
(Sample signature in the style in which the
notary will actually execute notarial acts.)

RECEIVED AND FILED THIS THE
_11_ DAY OF _March_ 20 _15_

RANDY R. SCHREIFELS, LOCAL REGISTRAR

BY: _Bennett_ _____ DEPUTY

STEARNS COUNTY, MINNESOTA

**Please see Exhibit 4**.

46.

Soon thereafter, Ms. Peterson was hired by Encore and Midland Funding LLC. In the "Asset Acceptance" collection cases filed with the Asset attorneys in Warren Michigan, the supporting Affidavit Notary of Ms. Peterson has a signature that has completely changed from that on file with the State of Minnesota.

47.

In violation of the Minnesota Notary Statute and by way of example, the Affidavits attached to the lawsuits against Plaintiffs Newman and Ryan show a different signature from the one Ms. Peterson provided in her notary application.

DEC 1 8 2015
_____
Date

Donna DuBois

STATE OF MINNESOTA

COUNTY OF STEARNS

The foregoing instrument was acknowledged before me on DEC 1 8 2015 _____ by Donna DuBois, an officer of plaintiff, and hereby notarized pursuant to the laws of the State of Minnesota on behalf of the corporation.

KARLI ANNE PETERSON
Notary Public - Minnesota
My Commission Expires Jan. 31, 2018

Notary Public _____

In Comparison with her Application:

SIGNATURE OF NOTARY PUBLIC
(First, Middle, Last)

**Please see Newman Complaint Affidavit at Exhibit 5.**

NOV 1 7 2015
_____
Date

STATE OF MINNESOTA

COUNTY OF STEARNS

Jenna Taylor

The foregoing instrument was acknowledged before me on ___NOV 1 7 2015___ by Jenna Taylor, an officer of plaintiff, and hereby notarized pursuant to the laws of the State of Minnesota on behalf of the corporation.


KARLI ANNE PETERSON
Notary Public - Minnesota
My Commission Expires Jan. 31, 2020

Notary Public

**In Comparison with her application:**

SIGNATURE OF NOTARY PUBLIC
(First, Middle, Last)

**Please see Ryan Complaint Affidavit at Exhibit 5.**

48.

Throughout the State of Michigan in 2015 and now 2016, Defendants are filing these Asset type collection lawsuits and a supporting template Affidavit of Ms. Peterson with a signature that does not match her Signature with the State of Minnesota:

DEC 0 1 2015
_____
Date

Angela Miller
_____

STATE OF MINNESOTA

COUNTY OF STEARNS

The foregoing instrument was acknowledged before me on _____ DEC 0 1 2015 _____ by Angela Miller, an officer of plaintiff, and hereby notarized pursuant to the laws of the State of Minnesota on behalf of the corporation.

KARLI ANNE PETERSON
Notary Public - Minnesota
My Commission Expires Jan. 31, 2020

_____
Notary Public

**In Comparison with her Application:**

SIGNATURE OF NOTARY PUBLIC
(First, Middle, Last)

JAN 27 2016
_____
Date

Cassandra Praught
_____

STATE OF MINNESOTA

COUNTY OF STEARNS

The foregoing instrument was acknowledged before me on _____ JAN 27 2016 _____ by Cassandra Praught, an officer of plaintiff, and hereby notarized pursuant to the laws of the State of Minnesota on behalf of the corporation.

KARLI ANNE PETERSON
Notary Public - Minnesota
My Commission Expires Jan. 31, 2020

_____
Notary Public

**In Comparison:**

SIGNATURE OF NOTARY PUBLIC
(First, Middle, Last)

FEB 0 3 2016

Date

STATE OF MINNESOTA

COUNTY OF STEARNS

The foregoing instrument was acknowledged before me on _____ FEB 0 3 2016 by Sheri Meline, an officer of plaintiff, and hereby notarized pursuant to the laws of the State of Minnesota on behalf of the corporation.

Sheri Meline

KARLI ANNE PETERSON
Notary Public - Minnesota
My Commission Expires Jan. 31, 2020

Notary Public

JUN 2 4 2015

Date

STATE OF MINNESOTA

COUNTY OF STEARNS

Signed and sworn to (or affirmed) before me on _____ JUN 2 4 2015 by Danielle Smith.

Danielle Smith

KARLI ANNE PETERSON
Notary Public - Minnesota
My Commission Expires Jan. 31, 2020

Notary Public

**In Comparison with her Application:**



**SIGNATURE OF NOTARY PUBLIC**
**(First, Middle, Last)**

**Please see "Peterson" Notary Signatures at Exhibit 6.**

49.

The fraudulent acts of Defendants consisted of the use of uniform deceptive and

misleading affidavits by agents the Defendant Notaries and Encore and Midland and by the

stable of Asset attorneys acting on their own behalf and on behalf of Midland and Encore which

were filed in support of collections lawsuits and subsequent Default Judgments.

50.

Time is money and a Default Judgment is the ultimate goal of Defendants. They file

hundreds of thousands of these collection lawsuits in the State of Michigan. The use of robo-

signers eliminates the cost of verifying that Defendants own the debt and that the debtor owes the

amount in the Affidavit and Complaint. A "sworn" affidavit takes the place of the necessary

proof and paperwork and eliminates the associated cost of proving the debt is owed to

Defendants by class members. The fraud saves time and makes money.

51.

Further, the Asset Affidavits are "fill in the blanks" templates that are signed and

notarized before a lawsuit is filled, refer to an obligation already sued upon when that is not the

case and the Notary's signature does not match her signature with her State of Minnesota

application. This would indicate that Defendants have created a collection process designed to

eliminate the costs meeting their meeting burden of proof while maximizing profits.

52.

In violation of the FDCPA and RCPA, the Asset Acceptance collection lawsuits are being filed with Affidavits that are notarized by a Robo Signor bearing no resemblance to the Karli Anne Peterson signature it purports to be.

53.

Further in violation of the FDCPA and RCPA, the "Asset" Affidavit that is written prior to a lawsuit being filed in the State of Michigan states that "Plaintiff is the current owner of, and/or successor to, the obligation sued upon" even though at the time the Affidavit is created, there is no lawsuit or suit when this statement is made. Defendant Notaries and Affidavits are signing as to truth of these statements.

54.

In violation of the FDCPA and RCPA, hundreds, if not thousands of Default Judgments are being taken against Michigan consumers using the "Asset Affidavits" that are notarized by someone claiming to be Ms. Peterson and on behalf of Defendants.

55.

The "Asset" Affidavit and false signatures are crafted to deceive the class members and Courts in the State of Michigan into believing Encore, Midland and Asset have the right to sue and collect upon debts either in trials or to support Default Judgments in violation of § 1692e, § 1692e (10), § 1692e (2)(A), § 1692e (5) and § 1692f.

## VII. CLASS ACTION ALLEGATIONS

56.

Plaintiff realleges the above pleadings.

57.

Plaintiff brings this lawsuit as a class action. Plaintiff tentatively defines two classes including all persons in the State of Michigan who, during the one year (FDCPA) and six years

(RCPA) prior to the filing of this complaint were the victims of "Asset Affidavits" supporting collection lawsuits by Defendants in violation of Federal and State law.

58.

The FDCPA Class consists of all persons with a Michigan address that are subject to the Defendants' collection lawsuits in violation of § 1692e, § 1692e (10), § 1692e (5), § 1692e (2)(A) and § 1692f.

59.

The RCPA Class consists of all persons with a Michigan address that have received Defendant collection lawsuits in violation of MCLA 445.252(n), MCLA 445.252(e), MCLA 445.252(f) and MCLA 445.252(q).

60.

There are questions of law and fact common to each class, which common issues predominate over any issues involving only individual class members. The principal and common issue is whether Defendants' conduct in connection with the collection of a debt violates the FDCPA and RCPA.

61.

There are no individual questions here. All Michigan class members receive the same or similar "Asset Affidavits" that is filed in violation of the FDCPA and RCPA.

62.

Plaintiff will fairly and adequately protect the interests of the class. Plaintiff is committed to vigorously litigating this matter. He is greatly annoyed at being the victim of Defendants' illegal practices and wishes to see that the wrong is remedied. To that end, he has retained counsel experienced in litigating the FDCPA and RCPA, consumer advocacy and class claims. Neither Plaintiff nor their counsel has any interests which might cause them to not vigorously pursue this

claim.

63.

Plaintiff claims are typical of the claims of the classes, which all arise from the same operative facts and are based on the same legal theories out of **Exhibits 4, 5 and 6**.

64.

A class action is a superior method for the fair and efficient adjudication of this controversy. Most of the consumers who are subject to this practice and policy of Defendant undoubtedly have no knowledge that their rights are being violated by illegal collection practices. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum damages in an individual action are $1,000. Management of this class claim is likely to present significantly fewer difficulties than those presented in many class claims, e.g, for securities fraud.

65.

Certification of each class under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure is appropriate because:

(a)    The questions of law and fact common to the members of each class predominate over any questions affecting an individual member: and

(b)    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

66.

There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.   The predominant questions are:

a.   Whether defendants had a practice of using "Asset Affidavits"

with robo signed notaries to support collection lawsuits against Michigan residents in violation of the FDCPA.

   b.   Whether doing so violated the FDCPA and RCPA.

67.

Certification of each class under Rule 23(b)(2) of the Federal Rules of Civil Procedure also is appropriate because Defendants have acted on grounds generally applicable to each class, thereby making declaratory and injunctive relief appropriate with respect to each class as a whole.

68.

Plaintiffs request certification of a hybrid class action, combining the elements of FRCP 23(b)(3) for monetary damages and FRCP 23(b)(2) for equitable relief.

## VIII. CLAIMS FOR RELIEF

### Count 1-Fair Debt Collection Practices Act

69.

Defendant has violated the FDCPA. Defendants' violations of the FDCPA include, but are not necessarily limited to, the following:

a.   Defendant violated 15 U.S.C. 1692e and 15 U.S.C. 1692e (10) by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt using the collection methods at **Exhibit 4, 5 and 6** above; and

b.   Defendant collected on the debt and violated 15 U.S.C. 1692f by designing and furnishing the "Asset Affidavits" at **Exhibit 4, 5 and 6** knowing that such a format would be used to create the false belief in the class member and Michigan Courts that a lawsuit was supported by a legally notarized Affidavit when in fact, such is not the case as stated above; and

c.    Defendant collected on the debt and violated 15 U.S.C. 1692e (5) by designing and furnishing false "Asset Affidavits" at **Exhibit 4, 5 and 6** to falsely accuse and sue class members without the necessary proof; and

d.    The Defendant violated 15 U.S.C. §1692e(2)(A) in falsely representing that a collection lawsuit and judgment is falsely supported by the "Asset Affidavit" as stated above.

**Wherefore,** Plaintiff seeks judgment against Defendant for:

a.    Statutory and Actual damages for Plaintiff pursuant to 15 U.S.C. 1692k(a)(2)(A) and (B);

b.    Statutory damages for the members of the FDCPA Class, *pro rata,* in the amount of the lesser of $500,000.00 or one percent centum of the net worth of Defendants pursuant to 15 U.S.C. 1692k(a)(2)(B);

c.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3); and

d.    Such further relief as the court deems just and proper.

### Count 2-Michigan Collection Practices Act

70.

Defendants have violated the RCPA. Defendant's violations of the RCPA include, but are not necessarily limited to, the following:

a.    Defendant violated MCLA 445.252(n) by using a harassing, oppressive, or abusive method to collect a debt, using (**Exhibit 4, 5 and 6**) as mentioned above;

b.    Defendant violated MCLA 445.252(e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt at (**Exhibit 4, 5 and 6**); and

c.    Defendant has violated MCLA 445.252(f) Misrepresenting in a communication with a debtor 1 or more of the following:

(i)     The legal status of a legal action being taken or threatened.

(ii)    The legal rights of the creditor or debtor at (**Exhibit 4, 5 and 6**);

d.   Defendant has violated MCLA 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee by continuing to seek unauthorized advances not authorized under the mortgage contract of Michigan Consumers for six years through forms at (**Exhibit 4, 5 and 6**).

**Wherefore,** Plaintiff seeks judgment against Defendants for:

a.   Statutory damages for Plaintiff in the amount of $50.00, trebled to $150.00 for a willful violation, pursuant to M.C.L. 445.257(2);

b.   Equitable, declaratory and injunctive relief pursuant to M.C.L. 445.257(1), including but not limited to, a declaration that defendant's debt collection practices violated the RCPA, as well as an injunction, enjoining Defendant from using (**Exhibit 4, 5 and 6**) which violates Michigan law; and

c.   Reasonable attorney's fees and court cost pursuant to M.C.L. 445.257(2) with judicial sanction.

## IX. JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

Respectfully submitted,

April 18, 2016

s/Brian P. Parker
BRIAN P. PARKER (P48617)
Attorney for Plaintiff